J-S36020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHARNIECE LASHAE SALTER | : | |
| | : | |
| Appellant | : | No. 336 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 8, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001030-2020

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED: NOVEMBER 28, 2022**

Appellant, Sharniece Lashae Salter, appeals *nunc pro tunc* from the judgment of sentence entered in the Erie County Court of Common Pleas, following her bench trial conviction for disorderly conduct (summary offense) and jury trial conviction for retail theft.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On April 26, 2020, Appellant and her cohorts entered a Walmart in Millcreek Township. After shopping, Appellant proceeded to a self-checkout kiosk. Mark Radomski, the store's asset protection associate, noticed suspicious activity at the kiosk. Specifically, Appellant was "bypassing the scanner" with certain

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5503(a)(3) and 3929(a)(1), respectively.

items from her shopping cart.  (N.T. Trial, 9/14/21, at 24).

Mr. Radomski attempted to stop Appellant at the store's exit to ask her about the items at issue.  Appellant responded with "a hostile, aggressive, vulgar reaction."  (*Id.* at 27).  Appellant refused to go to the loss prevention office with Mr. Radomski, and she exited the store.  Mr. Radomski then called the police.  Millcreek Township Police Officer Jeffrey Keller responded to the scene, where he encountered Appellant and her cohorts inside their vehicle in the store's parking lot.  When Officer Keller approached the vehicle, Appellant "immediately started yelling [and] using vulgar language, screaming that they were doing nothing wrong[.]"  (*Id.* at 57).  Officer Keller asked Appellant to calm down, but she refused to cooperate.  Thereafter, Officer Keller spoke with Mr. Radomski and viewed a surveillance video "where it clearly showed items weren't being scanned in the cart and that they were, in fact, being stolen."  (*Id.* at 60).

On July 16, 2020, the Commonwealth filed a criminal information charging Appellant with offenses related to the incident.  Appellant proceeded to trial, and a jury found her guilty of retail theft.  The court also found Appellant guilty of the summary offense of disorderly conduct.  On November 8, 2021, the court sentenced Appellant to an aggregate term of thirty-six (36) months of probation.  Appellant timely filed a post-sentence motion on November 9, 2021, which included a challenge to the weight of the evidence. (*See* Post-Sentence Motion, filed 11/9/21, at ¶¶8-10).  On November 10,

2021, the court denied the post-sentence motion. Appellant did not immediately file a notice of appeal.

On March 16, 2022, Appellant requested reinstatement of her direct appeal rights *nunc pro tunc*. The court granted Appellant's request that same day. Appellant timely filed a notice of appeal *nunc pro tunc* on March 22, 2022. On March 23, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed her Rule 1925(b) statement on March 29, 2022.

Appellant now raises one issue for our review:

> The jury's verdict was against the weight of the evidence to sustain Appellant's convictions for retail theft and disorderly conduct.

(Appellant's Brief at 2).

On appeal, Appellant "argues that the [fact-finder's] decision finding her guilty of both of the charges in this case shocks the conscience." (*Id.* at 6). Appellant emphasizes that she attempted to scan items with the hand scanner at the self-checkout kiosk, and she used the flat scanner when the hand scanner did not work. Appellant asserts there was some confusion because "there were three individuals with items shared in a cart attempting to check out" at the kiosk. (*Id.* at 8). Complicating matters further, Appellant contends that she "was in an electric motorized cart due to difficulty … standing," and she could not stand up to complete her purchase at the kiosk. (*Id.*) Regarding her interaction with Mr. Radomski, Appellant maintains that

- 3 -

she cooperated, "requesting that she be allowed to go back and pay for the item," and she "vehemently argued that she did not take anything." (*Id.*)

Further, Appellant argues that there were other people in the store who directed vulgarities at Mr. Radomski. Appellant posits, however, that Mr. Radomski caused all of the disorder by raising his voice when threatening to have Appellant arrested. Considering Mr. Radomski's tone, Appellant maintains that "it would be natural for the accused individuals' voices to also be raised." (*Id.* at 9). On this record, Appellant concludes that the trial court should have granted relief on her challenge to the weight of the evidence supporting her convictions. We disagree.

In reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the … verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

The Crimes Code defines the offense of disorderly conduct, in relevant part, as follows:

> **§ 5503.  Disorderly conduct**
>
> **(a)  Offense defined.—**A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he:
>
> *    *    *
>
> (3)     uses obscene language, or makes an obscene gesture[.]

18 Pa.C.S.A. § 5503(a)(3).

> Our Supreme Court has cautioned that the offense of disorderly conduct is not intended as a catchall for every act which annoys or disturbs people and it is not to be used as a dragnet for all the irritations which breed in the ferment of a community.  Rather, the offense of disorderly conduct has the specific purpose … to preserve the public peace.  The cardinal feature of the crime of disorderly conduct is public unruliness which can or does lead to tumult and disorder.

*Commonwealth v. McConnell*, 244 A.3d 44, 49 (Pa.Super. 2020) (internal citations and quotation marks omitted).

The Crimes Code defines the offense of retail theft, in relevant part, as follows:

> **§ 3929.  Retail theft**
>
> **(a)  Offense defined.—**A person is guilty of a retail theft if [s]he:
>
> (1)     takes possession of, carries away, transfers or  causes  to  be  carried  away  or  transferred,  any

- 5 -

> merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S.A. § 3929(a)(1).

Instantly, the trial court evaluated the evidence and concluded that the "verdicts do not shock one's sense of justice." (Trial Court Opinion, filed 6/22/22 at 10). In analyzing Appellant's disorderly conduct conviction, the court stated:

> [T]he record amply establishes the requisite intent to cause public inconvenience, annoyance or alarm or the reckless creation of the risk thereof. The evidence established Appellant yelled and used vulgarities inside the Walmart store and/or its parking lot area, areas "affecting or likely to affect persons" since they are areas to which the public or a substantial group has access. Appellant admitted to becoming upset, and using vulgarities directed at the officer. The testimony of Radomski and the officer is in stark contrast to Appellant's claims. The [fact-finder was] free to accept or reject the evidence introduced by the Commonwealth.

(*Id.* at 7-8).

Regarding the offense of retail theft, the court noted:

> Appellant's actions in intentionally concealing unpurchased property of Walmart, inside and/or outside the store and the finding of the unpurchased merchandise concealed, upon Appellant's person or among her belongings, was *prima facie* evidence of intentional concealment. Video surveillance depicted items weren't scanned at the self-checkout counter. As to some of the merchandise for which Appellant testified the scan gun didn't "work," Appellant was unable to explain or recall how or if, in any way, she addressed scanning those items to assure they appeared on a receipt. Appellant attempted to muddle things by

- 6 -

explaining some items were for her and other items were for her friend. Nonetheless, Appellant testified it was she who was to pay for all her friend's items because Appellant owed the friend money. While it is clear some items were properly scanned and rung up, it is clear that items totaling a value of approximately $97.00 were not properly checked out. When approached by loss prevention staff and given the opportunity to rectify and sort things out, Appellant became uncooperative, belligerent and vulgar, leading Radomski to call the police. Appellant demonstrated similar behaviors in the patrolman's presence. The record defies Appellant's claims she was cooperative.

(*Id.* at 8).

Our review confirms the court's characterization of the record, and we cannot say that the court palpably abused its discretion in ruling on the weight claim. *See Champney, supra*. The Commonwealth demonstrated that Appellant disturbed the public peace by acting in an unruly manner, both inside and outside of the store. *See McConnell, supra*. Contrary to Appellant's claims, the record also supports the finding that Appellant possessed the requisite intent to deprive a merchant of the possession, use, or benefit of merchandise without paying full retail price. *See* 18 Pa.C.S.A. § 3929(a)(1). Here, we decline Appellant's invitation to substitute our judgment for that of the fact-finder, and we conclude that Appellant is not entitled to relief on her weight claim. *See Champney, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/28/2022</u>